IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MAIDS ON CALL, LLC, a Connecticut limited liability company; MAIDS ON CALL II, LLC, a Massachusetts limited liability company; TIMOTHY SCUSSEL, an individual; MARYANN SCUSSEL, an individual; SARA ROCK, an individual; and STACEY GARON, an individual; <br><br> Plaintiffs, <br><br> vs. <br><br> OHIO SECURITY INSURANCE COMPANY, a New Hampshire corporation; <br><br> Defendant. | 8:17CV252 <br><br> **ORDER** |

This matter is before the Court on the Motion for Leave to Intervene (Filing No. 22) filed by The Ohio Casualty Insurance Company ("Ohio Casualty"). Plaintiffs, Maids on Call, LLC, Maids on Call II, LLC, Timothy Scussel, Maryann Scussel, Sara Rock, and Stacey Garon (collectively, "Maids on Call"), oppose the motion. (Filing No. 28). For the following reasons, the Court will grant the motion.

Maids on Call filed this action against Ohio Security Insurance Company ("Ohio Security") on July 12, 2017, seeking a declaratory judgment establishing that Ohio Security has a duty to defend and pay the defense costs of Maids on Call in a separate lawsuit pending in this district, *The Maids International, Inc. v. Maids on Call, LLC, et al.*, Case No. 8:17CV208 (June 16, 2017)("*The Maids International* action"), pursuant to a commercial general liability policy ("Ohio Security Policy"). (Filing No. 1). Ohio Security filed a Counterclaim seeking a declaratory judgment that (1) Ohio Security does not have a duty to defend or indemnify Maids on Call because the type of damages sought by the plaintiff in *The Maids International* action is not covered by the Ohio Security Policy, or alternatively, (2) coverage is barred by one or more exclusions contained in the Ohio Security Policy. (Filing No. 21).

Ohio Casualty is an underwriting company that issued a commercial umbrella insurance policy ("Ohio Casualty Policy") to Maids on Call that "follows form" to the Ohio Security

Policy at issue in this case. According to Ohio Casualty, the Court's resolution of the scope of coverage under the Ohio Security Policy will impact the scope of coverage under the Ohio Casualty Policy, such that "if there is no coverage under the Ohio Security Policy, there likewise will be no coverage under the Ohio Casualty Policy." (Filing No. 23). Therefore, Ohio Casualty requests leave to intervene and permission to file a Third Party Complaint to establish that the Ohio Casualty Policy does not give rise to duty to defend or indemnify Maids on Call in the separate *The Maids International* action.

Ohio Casualty asserts it should be permitted to intervene in this action as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 24(a)(2), the court must permit anyone to intervene who files a "timely motion . . . claim[ing] an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Eighth Circuit Court of Appeals also requires that prospective Rule 24(a) intervenors demonstrate the existence of an Article III case or controversy. See *Mausolf v. Babbitt*, 85 F.3d 1295, 1300-01 (8th Cir. 1996).

Maids on Call opposes intervention as a matter of right because Ohio Security can adequately represent Ohio Casualty's interests. (Filing No. 28 at pp. 6-8). A proposed intervenor must demonstrate "that the representation of its interests by the current party or parties to the action 'may be' inadequate." *Sierra Club v. Robertson*, 960 F.2d 83, 85-86 (8th Cir. 1992)(citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). Although this burden is "minimal," the Court agrees with Maids on Call that Ohio Casualty has not met its burden.

Adequacy of representation is determined by "comparing the interests of the proposed intervenor with the interests of the current parties to the action." *Sierra Club*, 960 F.2d at 86 (citing *Planned Parenthood of Minnesota, Inc. v. Citizens for Cmty. Action*, 558 F.2d 861, 870 (8th Cir. 1977). Intervention is appropriate if these interests are disparate, even if they share the same legal goal. See *id.* The only reason offered by Ohio Casualty as to why Ohio Security may not be able to adequately represent Ohio Casualty's interests is that they are separate corporate entities. (Filing No. 29 at p. 2). Although they are separate entities, both corporations are part of Liberty Mutual Group, making it unlikely that their interests are meaningfully disparate. (Filing

No. 23 at p. 1). Moreover, review of Ohio Casualty's proposed Third Party Complaint and Ohio Security's Counterclaim demonstrate they seek "identical relief" premised upon identical legal theories. (Filing No. 21 at p. 2). Both Ohio Casualty and Ohio Security allege that the type of damages sought by the plaintiff in *The Maids International* action is not covered by the Ohio Security Policy (and is consequently not covered by the Ohio Casualty Policy), as Maids on Call relies on the "repeatedly rejected" "implied disparagement" theory of insurance coverage. (Filing No. 21 at p. 1; Filing No. 23-1 at p. 2). Both Ohio Security and Ohio Casualty alternatively argue Maids on Call is barred from coverage by one or more exclusions contained in the Ohio Security Policy. In consideration of the above, the Court concludes Ohio Casualty has not demonstrated Ohio Security may not adequately represent its interests, and therefore the Court will not grant Ohio Casualty leave to intervene as a matter of right.

Alternatively, Ohio Casualty seeks permissive intervention under Fed. R. Civ. P. 24(b)(1)(B), which provides, "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "The decision to grant or deny a motion for permissive intervention is wholly discretionary." *S.D. ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003). "Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor." *Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 671 (8th Cir. 2008) (quoting *South Dakota v. U.S. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003)). Maids on Call opposes permissive intervention because Ohio Security can adequately represent Ohio Casualty's interests and because intervention will result in undue delay and prejudice. (Filing No. 28 at pp. 10-11).

The Court finds Ohio Casualty should be permitted to intervene pursuant to Fed. R. Civ. P. 24(b)(1)(B). There is no dispute that Ohio Casualty's motion is timely, as it was filed only twenty-three days after Maids on Call commenced this action and before pleadings closed. (Filing No. 1; Filing No. 22). As discussed above, Ohio Casualty's proposed Third Party Complaint shares common questions of law and fact with the main action, and Ohio Casualty and Ohio Security seek "identical relief" premised upon identical legal theories. The Court's determination of the scope of coverage under the Ohio Security Policy will determine scope of coverage available under the Ohio Casualty Policy, and thus granting the instant motion will prevent future piecemeal litigation. Allowing Ohio Casualty to intervene will not cause undue

delay or prejudice to Maids on Call, and Ohio Casualty represents it "would likely submit joint briefs with Ohio Security" going forward. ([Filing No. 23 at p. 4](#) n.1). Upon consideration,

**IT IS ORDERED:** The Ohio Casualty Insurance Company's Motion to Intervene ([Filing No. 22](#)) is granted. The Ohio Casualty Insurance Company may file its Third-Party Complaint ([Filing No. 23-1](#)) by October 3, 2017.

Dated this 26th day of September, 2017.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge